# IN THE UNITED STATES DISTRICT COURT
# FOUR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DISABILITY RIGHTS MISSISSIPPI**                                              **PLAINTIFF**

**V.**                                          **CAUSE NO.** 5:22-cv-91-DCB-BWR

**MCCOMB SCHOOL DISTRICT and**
**THE CITY OF MCCOMB**
                                                                                **DEFENDANTS**

## COMPLAINT
*For Declaratory and Injunctive Relief*

Plaintiff, DISABILITY RIGHTS MISSISSIPPI ("DRMS"), seeks to monitor and investigate the MCCOMB SCHOOL DISTRICT and MCCOMB POLICE DEPARTMENT, a department within the CITY OF MCCOMB, located in McComb, Mississippi. Defendants and their legal counsel have refused to permit access and provide requested records, thereby impeding DRMS from exercising its federally mandated duty to protect and advocate for individuals with mental illness in Mississippi. DRMS asks this Court to preliminarily and permanently enjoin Defendants from violating federal law and order them to produce the previously requested records and permit on-site monitoring so that DRMS can fulfill its statutory mandate. In support of the same, DRMS provides as follows:

## I. INTRODUCTION

1. This action seeks to enjoin Defendants from continuing to violate federal and state laws that grant DRMS reasonable, unaccompanied access for the purpose of fulfilling its mandate as the protection and advocacy agency for people with disabilities in Mississippi.

2. Due to Defendant's continuing violation of federal and state law, DRMS seeks declaratory, preliminary, and permanent injunctive relief to enjoin Defendants from denying reasonable, unaccompanied access to the McComb School District, McComb Police Department and to certain records to assess the reported exploitation and abuse/neglect of students.

1

3. DRMS files this suit and seeks relief as described after making repeated efforts to resolve this matter with Defendants and their legal counsel. DRMS also seeks costs and any other available relief.

4. Each paragraph of this Complaint incorporates all other without specific restatement.

## II. JURISDICTION AND VENUE

5. Jurisdiction is vested in this Court as this case raises a question of general federal law, 28 U.S.C. §1331, and under this Court's supplemental jurisdiction as to Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff's cause of action arises under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §10801 *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. §15041 *et seq.*; the Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. §794(e). Costs may be awarded pursuant to Fed. R. Civ. P. 54.

7. Venue is proper in this Court under 28 U.S.C. §1391(b). Defendants' main offices of operations is located in this district.

## III. PARTIES

8. Plaintiff, DISABILITY RIGHTS OF MISSISSIPPI, is a non-profit corporation duly incorporated in the state of Mississippi. DRMS is designated by the Governor of the State of Mississippi as the protection and advocacy system for people with disabilities in Mississippi[1].

---

[1] This authority was first codified through the passage of the Protection & Advocacy for People with Developmental Disabilities (PADD) Act. 42 U.S.C. § 15043(a)(2)(B). Over time, Congress extended the protections of the PADD Act, incorporating them by reference into legislation protecting persons with other forms of disabilities.
This includes both the Protection & Advocacy for Individual Rights (PAIR) Act, 29 U.S.C. §794e(f)(1), and the Protection & Advocacy for Individuals with Traumatic Brain Injury (PATBI) Act. 42 U.S.C. § 300d-53 (eff. April 28, 2008). Similarly, Congress expanded the P & A system through passage of the Protection & Advocacy for Individuals with Mental Illness (PAIMI) Act 42 C.F.R. § 51.42(c)(2) and the Protection & Advocacy for Beneficiaries of Social Security (PABSS). The Ticket to Work and Work Incentives Improvement Act of 1999, as amended, 42 U.S.C. § 1320b-21 governs funding of P&A systems.

DRMS files this complaint in its own name to redress injuries to itself in fulfilling its mandate to protect and advocate for the rights of people with disabilities.

9. DRMS is located at 5 Old River Place, Suite 101, Jackson, Mississippi 39202.

10. Congress established the protection and advocacy ("P&A") system in 1975 to protect and advocate for the rights of persons with developmental disabilities, and reauthorized the system in the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "PADD Act"). 42 U.S.C. § 15041 *et seq.* Congress provided P&A systems with the authority to investigate incidents of abuse and neglect against individuals with developmental disabilities and pursue legal, administrative, and other remedies on their behalf. 42 U.S.C. § 15043(a). Congress thereafter expanded the scope of the P&A system to provide protection and advocacy services to all persons with disabilities. The Protection and Advocacy for Individuals with Mental Illness Act of 1986 (the "PAIMI Act") provides for the protection of rights of individuals with mental illness, 42 U.S.C. § 10801 *et seq.*; and the Protection and Advocacy of Individual Rights Program (the "PAIR Act") was created to protect the rights of all other individuals with disabilities who are not covered under the PADD and PAIMI Acts. 29 U.S.C. § 794e *et seq.*

11. Pursuant to these laws, DRMS has a federal mandate to protect and advocate for the rights of persons with disabilities in Mississippi, including those that are under the care of the Defendants. Among other activities, DRMS travels across the state of Mississippi, regulating monitoring facilities and investigating allegations of abuse and neglect.

12. Defendant, MCCOMB SCHOOL DISTRICT, is an entity. The Defendant may be served with process via the Superintendent, Cederick L. Ellis, at 695 Minnesota Avenue, McComb, Mississippi 39649.

13. Defendant, CITY OF MCCOMB (hereinafter the "McComb Police Department"), is a municipality which encompasses the McComb Police Department. The Defendant may be served with process via the Mayor & Board of Selectmen located at 115 3rd St, McComb, MS 39648.

14. Individuals with mental illness, developmental disabilities, and/or other physical or mental impairments that substantially limit one or more major life activities of such individuals go to school in the McComb School District.

15. Individuals with disabilities who go to school in the McComb School District receive care, services, and support by the school district.

16. The McComb School District is a facility as defined in 42 U.S.C. §10802(3) and 42 C.F.R. §51.2.

17. The McComb School District is also a location, as provided in 42 U.S.C. §15043(a)(2)(H), and a service provider, as provided in 42 C.F.R. § 1326.27(c), because services, supports, and other assistance are provided there to individuals with disabilities.

18. Individuals with mental illness, developmental disabilities, and/or other physical or mental impairments that substantially limit one or more major life activities of such individuals have been or may be detained at the McComb Police Department.

19. Individuals with disabilities who are detained by the McComb Police Department are entitled to receive care, services, and support by the police department.

20. The McComb Police Department is a facility as defined in 42 U.S.C. §10802(3) and 42 C.F.R. §51.2.

21. The McComb Police Department is also a location, as provided in 42 U.S.C. §15043(a)(2)(H), and a service provider, as provided in 42 C.F.R. § 1326.27(c), because services, supports, and other assistance are provided there to individuals with disabilities.

## IV. FACTUAL HISTORY

22. On September 29, 2022, DRMS received a report that a child in the McComb School District ("the District") might have been abused or neglected by District staff and that child was then transported to and detained by the McComb Police Department ("MPD").

23. Given the complaint reported to the P&A, DRMS sent a letter which established probable cause, initiated an investigation, and requested corresponding records from the McComb School District and McComb Police Department. This letter is attached hereto as **Exhibit A**.[2]

24. MPD Chief Garland Ward informed DRMS that the McComb School District Police Department ("MSD PD") was its own separate entity, but that information still remains unclear. However, in light of that information, the investigation was initiated against McComb School District, McComb Police Department, and McComb School District Police Department.

25. DRMS received a response via email from the District's Attorney, Kashonda Day, in what DRMS believes was an attempt to state that the district was denying DRMS access. When asked for clarification, Attorney Day confirmed denial of access on behalf of the District despite being provided education on the P&A access authority as it pertains to investigations. These communications are attached hereto as **Exhibits B & C**.

26. DRMS did not receive any response to the letter initiating the investigation from the MPD or MSD PD.

27. On Friday, October 28, 2022, DRMS sent a second request to MPD and notice of intent to take legal action. This letter is attached hereto as **Exhibit D**.

---

[2] Exhibits have been slightly redacted to protect the name of the minor child who is part of the investigation. Defendants are aware of this information as they were party to the attached communication.

28. On Friday, November 4, 2022, Pamela Burris, an office administrator for MPD, called DRMS Attorney, Victoria Anderson, and stated that she would be sending the requested records via email.

29. Later the same day, MPD Deputy Chief Delre Smith called Attorney Anderson and stated that MPD would no longer be able to provide the requested records.

30. Deputy Chief Smith stated that the records did not belong to MPD. Attorney Anderson explained that if the records were in the MPD's possession, then they are MPD's records, regardless of the author of the records.

31. Attorney Anderson attempted to explain DRMS' access authority Deputy Chief Smith and also asked to speak to the City Attorney. DRMS never heard back from the MPD and never received the requested records.

32. DRMS has also not been able to confirm Chief Ward's information that the District has its own police department.

33. Nevertheless, McComb School District, McComb Police Department, nor the mystical school district police department have provided the requested records nor allowed DRMS its investigative access authority.

34. It is believed that the incident which precipitated the necessity for an investigation is rooted in abuse and neglect of a minor child under the care of the McComb School District and, further, under the custody

## V. CLAIMS

### First Claim For Relief: Violations of the PAIMI Act & Implementing Regulations

35. As the designated protection and advocacy system for individuals with disabilities in Mississippi, DRMS has access to facilities in Mississippi providing care or treatment to individuals with mental illness. 42 U.S.C. § 10805(a)(3).

6

36. DRMS is charged to investigate instances of abuse and neglect of individuals with mental illness. 42 C.F.R. § 51.42(b).

37. DRMS is authorized to have reasonable unaccompanied access to public and private facilities and programs in the State, which render care or treatment for individuals with mental illness, and to all areas of the facility which are used by residents or are accessible to residents. 42 C.F.R. § 51.42(b).

38. DRMS is authorized to have reasonable unaccompanied access to public and private facilities and programs in the State, which render care or treatment for individuals with mental illness, and to all areas of the facility which are used by residents or are accessible to residents. 42 C.F.R. § 51.42(b).

39. The P&A system shall have reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect. Residents include adults or minors who have legal guardians or conservators. 42 C.F.R. § 51.42(b) and (d).

40. Unaccompanied access to residents includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail and in person. 42 C.F.R. § 51.42(d).

41. In accordance with this mandate, the P&A system has: access to the records of any of the following individuals with mental illness:

    a. An individual who is a client of the P&A system if authorized by that individual or the legal guardian, conservator or other legal representative.
    b. An individual, including an individual who has died or whose whereabouts is unknown to whom all of the following conditions apply:
        i. The individual, due to his or her mental or physical condition, is unable to authorize the P&A system to have access.
        ii. The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State or one of its political subdivisions; and

   iii. A complaint or report has been received and the P&A system has determined that there is probable cause to believe that the individual has been or may be subject to abuse or neglect.
  c. An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint or report has been received by the P&A system and with respect to whom the P&A system has determined that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy, whenever all of the following conditions exists:
   i. The P&A system has made a good faith effort to contact the representative upon prompt receipt of the representative's name and address;
   ii. The P&A system has made a good faith effort to offer assistance to the representative to resolve the situation; and
   iii. The representative has failed or refused to act on behalf of the individual. 42 C.F.R. § 51.41(b)

42. Defendants' refusal to provide DRMS with reasonable access to the school district and records, violates the PAIMI Act and its implementing regulations.

43. Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with DRMS' federal mandate to protect people with disabilities in Mississippi; provide legal advocacy for people with disabilities; to conduct a reasonable and effective an investigation if determined it is necessary; and determine whether corrective action should be taken.

44. Defendants' violation of the PAIMI Act and its implementing regulations frustrates the rights people with disabilities to have access to a meaningful and effective protection and advocacy system.

45. Pursuant to 42 U.S.C. § 10805(a)(1)(B), DRMS is authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Mississippi.

46. DRMS is entitled to relief under 42 U.S.C. § 10805(a)(3) and 42 C.F.R. § 51.41(c).

## Second Claim for Relief: Violations of the PADD Act, Implementing Regulations, and 42 U.S.C. §1983

47. DRMS is authorized to have access at reasonable times to any individual with a developmental disability in a location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

48. DRMS is authorized to have unaccompanied access to individuals with developmental disabilities at all times necessary to conduct a full investigation of an incident of abuse and neglect. 45 C.F.R. § 1326.27(b).

49. Access to individuals with developmental disabilities includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 45 C.F.R. § 1326.27(d).

50. A P&A system shall have reasonable unaccompanied access to public and private service providers, programs in the State, and to all areas of the service provider's premises that are used by individuals with developmental disabilities or are accessible to them. Such access shall be provided without advance notice and made available immediately upon request. This authority shall include the opportunity to interview any individual with developmental disability, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. . 45 C.F.R. § 1326.27(b).

51. The P&A system has access to the records of individuals with developmental disabilities under the following circumstances:
    a. If authorized by an individual who is a client of the system, or who has requested assistance from the system, or by such individual's legal guardian, conservator or other legal representative.
    b. In the case of an individual to whom all of the following conditions apply:
        i. The individual, due to his or her mental or physical condition, is unable to authorize the system to have access;

  ii. The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and

  iii. The individual has been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect.

 c. In the case of an individual, who has a legal guardian, conservator, or other legal representative, about whom a complaint has been received by the system or, as a result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual with developmental disability has been subject to abuse or neglect, whenever the following conditions exist:

  i. The P&A system has made a good faith effort to contact the legal guardian, conservator, or other legal representative upon prompt receipt (within the timelines set forth in paragraph (c) of this section) of the contact information (which is required to include but not limited to name, address, telephone numbers, and email address) of the legal guardian, conservator, or other legal representative;

  ii. The system has offered assistance to the legal guardian, conservator, or other legal representative to resolve the situation; and

  iii. The legal guardian, conservator, or other legal representative has failed or refused to provide consent on behalf of the individual.

 d. If the P&A determines there is probable cause to believe that the health or safety of an individual is in serious and immediate jeopardy, no consent from another party is needed. 45 C.F.R. §1326.25.

52. Defendants' refusal to allow DRMS reasonable access to the facilities and records violates the PADD Act and its implementing regulations.

53. Defendant's violation of the PADD Act and its implementing regulations frustrates and interferes with DRMS' federal mandate to protect people with disabilities in Mississippi; provide legal advocacy for people with disabilities; conduct a reasonable and effective investigation if determined to be necessary; and determine whether corrective action should be taken.

54. Defendant's violation of the PADD Act and its implementing regulations frustrates the rights people with disabilities to have access to a meaningful and effective protection and advocacy system.

55. Pursuant to 42 U.S.C. §15043(a)(2)(A)(i), DRMS is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Mississippi who are or who may be eligible for treatment, services, or habilitation.

56. DRMS is entitled to relief under 42 U.S.C. §15043(a)(2)(H), and 45 C.F.R. §1326.27(d).

### Third Claim for Relief: Violations of the PAIR Act, Implementing Regulations, and 42 U.S.C. §1983

57. The PAIR Act provides DRMS with the authority to serve individuals with disabilities who are not otherwise eligible for protection and advocacy services under either the PADD Act or PAIMI Act. 29 U.S.C. §794e(a)(1).

58. The PAIR Act incorporates the same general authorities of access as are found in the PADD Act. 29 U.S.C. § 794e(f)(2).

59. DRMS is authorized to have access at reasonable times to any individual with a disability in a location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

60. DRMS is authorized to have unaccompanied access to individuals with a disability including, but not limited to, the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 45 C.F.R. § 1326.27(d).

61. A P&A system shall have reasonable unaccompanied access to public and private service providers, programs in the State, and to all areas of the service provider's premises that are used by individuals with developmental disabilities or are accessible to them. Such access shall be provided without advance notice and made available immediately upon request. This authority shall include the opportunity to interview any individual with developmental disability, employee, or other persons, including the person thought to be the victim of such

abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. . 45 C.F.R. § 1326.27(b).

62. The P&A system also has access to the records of individuals with disabilities under the following circumstances:

   a. If authorized by an individual who is a client of the system, or who has requested assistance from the system, or by such individual's legal guardian, conservator or other legal representative.
   b. In the case of an individual to whom all of the following conditions apply:
      i. The individual, due to his or her mental or physical condition, is unable to authorize the system to have access;
      ii. The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and
      iii. The individual has been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect.
   c. In the case of an individual, who has a legal guardian, conservator, or other legal representative, about whom a complaint has been received by the system or, as a result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual with developmental disability has been subject to abuse or neglect, whenever the following conditions exist:
      i. The P&A system has made a good faith effort to contact the legal guardian, conservator, or other legal representative upon prompt receipt (within the timelines set forth in paragraph (c) of this section) of the contact information (which is required to include but not limited to name, address, telephone numbers, and email address) of the legal guardian, conservator, or other legal representative;
      ii. The system has offered assistance to the legal guardian, conservator, or other legal representative to resolve the situation; and
      iii. The legal guardian, conservator, or other legal representative has failed or refused to provide consent on behalf of the individual.
   d. If the P&A determines there is probable cause to believe that the health or safety of an individual is in serious and immediate jeopardy, no consent from another party is needed. 45 C.F.R. § 1326.25

63. Defendants' refusal to allow DRMS' reasonable access to the facilities violates the PAIR Act and its implementing regulations.

64. Defendants' violation of the PAIR Act and its implementing regulations frustrates and interferes with DRMS' federal mandate to protect people with disabilities in Mississippi; provide legal advocacy for people with disabilities; conduct a reasonable and effective investigation if determined to be necessary; and determine whether corrective action should be taken.

65. Defendants' violation of the PAIR Act and its implementing regulations frustrates the rights people with disabilities to have access to a meaningful and effective protection and advocacy system.

66. Pursuant to 29 U.S.C. § 794e(f)(3), DRMS is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Mississippi who are or who may be eligible for treatment, services, or habilitation.

67. DRMS is entitled to relief under 29 U.S.C. § 794e(f)(2).

## VI. NECESSITY FOR INJUNCTIVE RELIEF

68. The Defendants have acted and continues to act in violation of the law as explained above.

69. DRMS and the individuals it is mandated to serve do not have an adequate remedy at law and will be irreparably harmed if Defendants are permitted to continue blocking DRMS' access to investigate incidents of abuse and neglect at their unlicensed personal care home.

## VII. REQUESTED RELIEF

WHEREFORE, DRMS respectfully requests the following relief:

A. a declaratory judgment that Defendants have violated DRMS' rights under the PAIMI Act as well as the PADD Act, and PAIR Act;

B. a preliminary and thereafter permanent injunction ordering Defendants to provide reasonable and unaccompanied access to their facility pursuant to its federally mandated P&A authority;

C. a preliminary and thereafter permanent injunction requiring the Defendants to promptly provide DRMS with access to the requested records pursuant to its federally mandated P&A authority;

D. retention of jurisdiction over this action to ensure Defendants' compliance with the mandates of the PAIMI, PADD, and PAIR Acts;

E. an award of costs pursuant to Fed. R. Civ. Proc. 54 and attorney's fees; and

F. any such other relief as the Court deems just, equitable and appropriate.

**RESPECTFULLY SUBMITTED**, this the 10th day of November, 2022.

                                              **DISABILITY RIGHTS MISSISSIPPI**
                                              _/s Greta Kemp Martin_
                                              GRETA KEMP MARTIN, MSB #103672

**Attorneys for Plaintiffs:**
GRETA K. MARTIN, MSB #103672
KATHERINE HENDERSON, MSB#
ANDREW M. ROBISON, MSB #106513
DISABILITY RIGHTS MISSISSIPPI
5 OLD RIVER PLACE, SUITE 101
JACKSON, MISSISSIPPI 39202
Office: (601)968-0600
Facsimile: (601)968-0665