October 12, 2022
*Via United States Mail & Electronic Mail*

**McComb School District**
Attn: Cederick L. Ellis, Superintendent
P.O. Box 868
McComb, MS 39648
ellisc@mccomb.k12.ms.us

**McComb School District Police Department**
Attn: Marcus Gatlin, Director (*via mail only*)
P.O. Box 868
McComb, MS 39648

**McComb Police Department**
Attn: Chief Ward
501 Beech Street
McComb, Ms 39648
gjward@mccomb-ms.gov

RE: RE: **INITIATION OF INVESTIGATION - PURSUANT TO PROTECTION AND ADVOCACY FOR INDIVIDUALS WITH MENTAL ILLNESS[1] ("PAIMI").**

All:

Disability Rights Mississippi ("DRMS"), by and through this correspondence, is notifying you that our agency is initiating an investigation concerning potential abuse and neglect at the Otken Elementary School within the McComb School District and the McComb Police Department.

While this investigation will extend to the facilities as a whole, this investigation specifically relates to ▇▇▇▇.

## FINDINGS

DRMS has received a complaint regarding a specific incident of alleged abuse and neglect which occurred on or around September 29, 2022 and involved student ▇▇▇▇ and a School Resource Officer Brad Miller. Upon information and belief, ▇▇▇▇ was arrested by Brad Miller and was subsequently taken to the McComb Police Department where he was held. McComb Police Department employees Shannon King and Rita Williams refused to allow any contact between ▇▇▇▇ and his counsel and refused to release any and all information. Upon information and belief, McComb Police Department subsequently refused to release any information to ▇▇▇▇ mother because she had involved her attorney.

---

[1] 42 C.F.R. § 51.42(c)(2).


EXHIBIT A

# AUTHORITY

Pursuant to 42 U.S.C. § 10801(b)(2)(B), DRMS has the authority to investigate abuse and neglect in any setting where a person with mental illness receives services. With this authority, we may access and monitor both facilities and records to ensure that people's rights are protected. DRMS may investigate an allegation of abuse or neglect if a report is made or "if there is probable cause to believe that abuse or neglect has occurred"[2]

DRMS must have reasonable unaccompanied access to residents at all time in order to investigate allegations of abuse and neglect[3]. A determination of probable cause can come from routine monitoring, external reports, direct complaint from client and/or their family, and/or other available sources. DRMS' access to public and private service providers, programs in the state, and to all areas of the service provider's premises that are used by individuals with disabilities or are accessible to them will be provided without advance notice and made available immediately upon request. This authority includes the ability to interview any individual with a disability, employee, or other persons who DRMS might be reasonably believe to have knowledge of the incident under investigation.[4] DRMS is not required to provide the name or other identifying information regarding the people with whom it plans to meet or justify or explain its interactions with such persons.

Further, DRMS has access to a wide range of records as part of its investigatory authority. The PAIMI Act defines records to which the P&A must have access to as information and individual records, whether written or in another medium (draft or final), including handwritten notes, electronic files, photographs, or video/audio records including but not limited to:
  (1) Information and individual records, obtained in the course of intake, assessment, evaluation, supportive and other services, including medical records, financial records, and reports prepared or received by a member of the staff of a facility and/or program rendering care and treatment. This includes records stored or maintained in locations other than the facility or program as long as the system as obtained appropriate consent consistent with Section 105(a)(4) of the PAIMI Act.
  (2) Reports prepared by an agency charged with investigating abuse/neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself, that described any or all of the following: abuse/neglect/ injury occurring at the facility, steps taken to investigate the incidents, reports/records (including personnel) records, prepared or maintained by the facility, and/or supporting information that was relied upon in creating a report, including all information and records used or reviewed in preparing reports of abuse, neglect, or injury such as records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings.
  (3) Discharge planning records
  (4) Reports prepared by individuals and entities performing certification or licensure reviews or by professional accreditation organizations, as well as related assessments prepared for the facility by its staff, contractors, or related entities
  (5) Professional, performance, building, or other safety standards, demographic, and statistical information relating to facility

---

[2] 42 U.S.C. § 10801(b)(2)(B)
[3] 42 C.F.R. § 51.42(b)
[4] 42 C.F.R. § 51.42(b)

(6) Reasonable access to interview and examine all relevant records of any facility service recipient consistent with Section 10805(a)(4) of the Act or employee
(7) Inspect and copy records, subject to a reasonable charge

## INVESTIGATION

As part of it investigation, DRMS requests:

(1) Access to all records, including but not limited to: transcripts, progress reports, standardized testing, attendance records, special education records, referrals for special education, evaluations, IEPs, manifestation determination review minutes, discipline records, and correspondence between the school and the parent or guardian, retained on behalf of the above-referenced student and in the possession of McComb School District, McComb School District Police Department, and/or McComb Police Department;

(2) Access to the following documentation, both formal and informal: police reports, school reports, incident reports, witness statements, disciplinary records, documentation from disciplinary proceedings, and all internal investigation documents pertaining to the above described;

(3) All documentation relating to the relationship between the McComb School District Police Department/school resource officers and the McComb Police Department, including: policies, employment documents, memorandums of understanding, training manuals, and student handbooks;

(4) Access to the following video surveillance footage: (1) video surveillance depicting the events leading up to the arrest of ███████████; (2) video surveillance depicting the time after ███ detention and/or arrest (3) any body camera footage of ███████ and (4) all video surveillance of ███████████ arriving, during, and leaving his detention at the McComb Police Department;

(5) Any audio recordings of the above described event(s);

(6) Interview of the following employees and/or staff: Principal Cynthia Lumpkin, Dr. Micsha L. Woodall, Officer Brad Miller, Director Marcus Gatlin, Chief Ward, Shannon King, Rita Williams, and any other employees deemed to have knowledge of above described events; and

(7) Personnel files for Principal Cynthia Lumpkin, Dr. Micsha L. Woodall, Officer Brad Miller, Director Marcus Gatlin, Chief Ward, Shannon King, Rita Williams.

Please provide DRMS with copies of the requested documentation within three (3) business days upon receipt of this written notice. **If the charge to produce such documentation exceeds an amount totaling $100, please notify DRMS and we will come on site to inspect the documents prior to reproduction.** If the video/audio footage cannot be reproduced, please notify DRMS and we will come on site to view said footage. If DRMS has requested video surveillance footage and/or any other documentation, please take notice that McComb School District, McComb School District Police Department, and McComb Police Department should take all necessary steps to preserve the same. Any attempt to alter, erase, and/or change these records and/or footage is a violation of state and federal law.

DRMS will conduct further monitoring visits until this investigation has been concluded. These visits will occur unannounced and during different times at McComb School District, McComb School District Police Department, and/or McComb Police Department.

As this investigation progresses, the DRMS Investigation Team may request other documentation pursuant to the access authority referenced herein. DRMS requests that any further documentation that is required be provided to DRMS within five (5) business days of such request. If DRMS requires any video surveillance not noted in this correspondence, we will notify this facility immediately and we request that any footage that has been flagged by DRMS be preserved until such time as a DRMS advocate can schedule an on-site visit to view such footage.

This investigation will continue and remain open until DRMS has provided a report of its findings to both McComb School District, McComb School District Police Department, and/or McComb Police Department and other appropriate parties or until DRMS believes this matter has been resolved/concluded and has provided McComb School District, McComb School District Police Department, and/or McComb Police Department notification of the same. Any decision or further action that DRMS determines is necessary for it to take as the P&A for the state of Mississippi following the conclusion of its investigation is solely up to the discretion of DRMS and does not have to be divulged to McComb School District, McComb School District Police Department, McComb Police Department or any other parties.

If DRMS's access to facilities, programs, students, or records is delayed or denied, McComb School District, McComb School District Police Department, and/or McComb Police Department must promptly provide a written statement, outlining the reasons for such denial or delay immediately. Please do not hesitate to contact me if you have any questions regarding this notice. I can be reached at (601) 968-0600 (ext. 248) or via email at vanderson@drms.ms.

Sincerely,

Victoria Anderson, Attorney

Elise Rueff, Investigator

cc: KaShonda Day, Attorney (*via email only*)