

October 28, 2022
*Via United States Mail & Electronic Mail*

**McComb Police Department**
Attn: Chief Ward
501 Beech Street
McComb, MS 39468
gjward@mccomb-ms.gov

Re: SECOND RECORDS REQUEST & NOTICE

Dear Chief Ward:

This letter serves as DRMS's second investigation notification and records request. As detailed below, this letter also serves as DRMS's notification of your failure to comply with federal law and DRMS's intent to take further legal action if you fail to comply with DRMS's requests by Friday, November 4, 2022.

As you have already been informed via DRMS's initial letter dated October 12, 2022, Disability Rights Mississippi (DRMS) is Mississippi's Protection and Advocacy system (P&A). Each state's P&A is part of a federally mandated system with the authority and obligation to protect and advocate for the human and legal rights of individuals with developmental and/or other disabilities.[1] More specifically, P&As have the obligation and authority to investigate incidents of abuse and neglect of individuals with developmental and/or other disabilities that are reported to the system.[2] The term "abuse" includes actions that cause psychological harm as well as death or physical injury. Where a restraint is improperly utilized, it may be considered a form of abuse.[3] "Neglect" includes acts or omissions that cause injury or death. Failure to develop or carry out an appropriate individual treatment plan, or failure to provide health care, may be considered neglect.[4]

DRMS has broad authority to access records related to alleged abuse, neglect and/or the death of persons with developmental and/or other disabilities. DRMS has the authority to access the records of

---

[1] See 29 USC § 794e (Protection and Advocacy of Individual Rights Program (the PAIR Act)); 42 USC §§ 10801 *et seq.* (Protection and Advocacy for Individuals with Mental Illness Act (the PAIMI Act)); 42 USC §§ 15001 *et seq.* (Developmental Disabilities Assistance and Bill of Rights Act (the DD Act)).
[2] 42 USC § 10805(a)(1)(A); 42 USC § 15043(a)(2)(B).
[3] 42 C.F.R. § 51.2; 45 C.F.R.§1326.19.
[4] 42 USC § 10802(5); 45 CFR. § 1326.19.


EXHIBIT D

an individual without the consent of any party when the P&A determines that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy.[5]

Please consider this letter DRMS's second notice that DRMS has received a complaint regarding a specific incident of alleged abuse and neglect which occurred on or around September 29, 2022 and involved the following persons: ▮▮▮▮ and that DRMS has determined that there is probable cause to believe that the health and safety of individual(s) is in serious and immediate jeopardy.[6] Therefore, DRMS is conducting an investigation into the residents' care and treatment at your facility.

The regulations to the PADD Act and the PAIMI Act clarify that P&A access authority extends to draft or final records, including handwritten notes, electronic files, photographs or video and audiotape records. These records include "reports prepared a Federal, State or local governmental agency, or a private organization charged with investigating incidents of abuse or neglect"[7] (including personnel records and supporting information that was relied upon in creating the reports). The regulations further specify that "[t]he organizations whose reports are subject to this requirement include, but are not limited to ... criminal and civil law enforcement agencies such as police departments ... regardless of whether they are protected by federal or state law."[8] Therefore, any reports or documents generated during the Police Department or Sheriffs Office's investigation(s) of these matters are considered records to which the P&A is entitled.

Pursuant to DRMS's federal statutory authority, this is DRMS's **second request** for copies of the following documents:

(1) Access to all records, including but not limited to: transcripts, progress reports, standardized testing, attendance records, special education records, referrals for special education, evaluations, IEPs, manifestation determination review minutes, discipline records, and correspondence between the school and the parent or guardian, retained on behalf of the above-referenced student and in the possession of McComb School District, McComb School District Police Department, and/or McComb Police Department;

(2) Access to the following documentation, both formal and informal: police reports, school reports, incident reports, witness statements, disciplinary records,

---

[5] 42 USC § 15043(a)(2)(J)(ii).
[6] The P&A "is the final arbiter of probable cause for these purposes." *Haw Disability Rights Ctr v. Cheung*, 2007 U.S. Dist. LEXIS 51047 (D. Haw. 2007). *See also Conn Office of Prot. & Advocacy v. Hartford Bd. of Education*, 355 F. Supp. 2d 649, 661 (D. Conn. 2005); *Ala. Disabilities Advocacy Program v. J.S. Tarwater Developmental Ctr.*, 97 F.3d 492, 498-99 (11th Cir. 1996).
[7] 45 C.F.R. § 1326.25(b)(2). *See also* 42 C.F.R. § 51.41 (c)(2).
[8] *Id.*

(3)     documentation from disciplinary proceedings, and all internal investigation documents pertaining to the above described;

(3)     All documentation relating to the relationship between the McComb School District Police Department/school resource officers and the McComb Police Department, including: policies, employment documents, memorandums of understanding, training manuals, and student handbooks;

(4)     Access to the following video surveillance footage: (1) video surveillance depicting the events leading up to the arrest of ▮▮▮▮▮▮▮ (2) video surveillance depicting the time after ▮▮▮▮'s detention and/or arrest (3) any body camera footage of ▮▮▮▮ ▮▮▮▮▮, and (4) all video surveillance of ▮▮▮▮▮▮▮ arriving, during, and leaving his detention at the McComb Police Department;

(5)     Any audio recordings of the above described event(s);

(6)     Interview of the following employees and/or staff: Principal Cynthia Lumpkin, Dr. Micsha L. Woodall, Officer Brad Miller, Director Marcus Gatlin, Chief Ward, Shannon King, Rita Williams, and any other employees deemed to have knowledge of above described events; and

(7)     Personnel files for Principal Cynthia Lumpkin, Dr. Micsha L. Woodall, Officer Brad Miller, Director Marcus Gatlin, Chief Ward, Shannon King, Rita Williams.

As previously explained, professional ethics and the federal laws that govern the P&A, DRMS will maintain the confidentiality of these records.[9] Federal law provides that DRMS was entitled to have immediate access to the records not later than 24 hours after making the initial request.[10] Federal law requires that DRMS must be provided, within 48 hours of the date of your denial of access, a written statement of the reasons for denial.[11] Your facility is currently denying DRMS its Access Authority as provided under federal law, and as such, you are in violation of federal law. Provide the requested records by Friday, November 4, 2022. If you intend to continue your denial of DRMS's Access Authority, please provide your written denial by Wednesday, November 2, 2022. If we do not receive your written response by [insert deadline], we will have no choice but to assume that you are continuing to deny DRMS's Access Authority. DRMS intends to take legal action to enforce its Access Authority.

Thank you in advance for your cooperation in this matter. If there is a fee for the actual cost of duplicating the requested records, please inform me of that cost prior to making the copies. Please address the records to my attention at 5 Old River Place, Suite 101, Jackson, Mississippi 39202 or electronically to vanderson@drms.ms. Should you have any questions or concerns, please do not hesitate to contact me at (601)-968-0600, ext: 248 or via email at vanderson@drms.ms.

---

[9] 42 U.S.C. § 10806(a).
[10] 42 U.S.C. § 15043(a)(2)(J)(ii).
[11] 42 C.F.R. § 51.43; 45 C.F.R. § 1326.26.

Please consider this letter DRMS's notice of your violation of federal law by failing to provide DRMS with the records requested pursuant to DRMS's Access Authority. If the records are not provided by **Friday, November 4, 2022**, DRMS will have no choice but to take further legal action. We *sincerely* hope that will not be necessary.

Sincerely,

Victoria Anderson
Monitoring Attorney